**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

MAGNOLIA MARINE TRANSPORT COMPANY                                      PLAINTIFF

VERSUS                                   CIVIL ACTION NO. 5:07cv11-DCB-JMR

BENJAMIN ELDRIDGE                                                      DEFENDANT

**ORDER**

This matter comes before the Court on the plaintiff's Motion for Default Judgment [**docket entry no. 5**]. Having reviewed the Motion, complaint, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds as follows:

On January 23, 2007, Magnolia Marine Transport Company instituted this declaratory action against Benjamin Eldridge. The defendant failed to file an answer or otherwise appear in this action. On June 15, 2007, the clerk of court made a docket entry of default [docket entry no. 6]. The plaintiff filed a Motion for Default Judgment [docket entry no. 5], and the Court scheduled an evidentiary hearing for August 7, 2007.

At the heart of this admiralty action[1] is whether the plaintiff has sufficiently fulfilled its obligation to provide maintenance and cure to the defendant. The defendant entered into an employment contract with Magnolia Marine on June 30, 2006.

---

[1] The Court has jurisdiction over this matter pursuant to Section 1333 of Title 28 of the United States Code.

-1-

While aboard the M/V GENE NEAL in Vicksburg, Mississippi,[2] the defendant sustained a back injury while lifting a cable from the deck of the ship.  The plaintiff maintains that this injury was the result of a pre-employment degenerative disc, which the defendant failed to disclose on his pre-employment medical questionnaire. Magnolia Marine further asserts that Eldridge's recovery has been delayed since the defendant refused to follow his orthopedic surgeon's advice and has failed to attend physical therapy appointments.  Moreover, the plaintiff avers, "The treating physician's opinion was that the defendant would be able to return to work if he continued with the conservative medical treatment and physical therapy."[3]  (Compl. 3.)

With regard to monetary recovery, Magnolia Marine requests reimbursement for "maintenance and cure payments it made to or for the benefit of Plaintiff in regard to treatment for his back condition."  (Compl. 4.)  Furthermore, the plaintiff seeks a declaration: "(1) [that] Magnolia Marine Transport Company's obligation to provide maintenance and cure benefits to Defendant ceased when Defendant refused to attend physical therapy and failed to follow the advice of his treating physician; (2) that Plaintiff is not responsible for cure payments to the New Orleans doctors [which were subsequently retained by the defendant]; (3) that the

---

[2]The merchant vessel GENE NEAL is owned by Magnolia Marine.

[3]Eldridge was prescribed three weeks of physical therapy.

defendant's back condition problem [sic] did not occur during the course of [the defendant's] employment aboard one of [the plaintiff's] vessels in navigation; (4) that the M/V GENE NEAL was seaworthy; (5) that Defendant does not have a valid Jones Act or unseaworthiness cause of action against [Magnolia Marine]; and (6) [that] Defendant has reached MMI ("Maximum Medical Improvement") for his alleged back injury."  (Compl. 4.)

Maintenance and cure payments are generally afforded to injured seamen until such time as the injury is diagnosed as incurable or the seaman reaches Maximum Medical Recovery. Boudreaux v. United States, 280 F.2d 461, 468 (5th Cir. 2002).  A narrow exception to this general proposition lies when the injured seaman forfeits his right to receive maintenance and cure.  "A seaman's right to maintenance and cure is . . . 'forfeited by a willful rejection of the recommended medical aid.'" Coulter v. Ingram Pipeline, Inc., 511 F.2d 735, 737 (5th Cir. 1975), quoted in Robinson v. Wood Res. Corp, 45 Fed. Appx. 318, *3 (5th Cir. 2002). In addition, a seaman may be denied maintenance and cure if he "knowingly or fraudulently concealed his condition from the vessel owner at the time he was employed." Jauch v. Nautical Servs. Inc., 470 F.3d 207, 212 (5th Cir. 2006).

Inasmuch as the defendant has failed to respond to the plaintiff's complaint, Magnolia Marine is entitled to a default judgment on its declaratory judgment action.  Magnolia Marine's

claim to reimbursement, however, cannot be ruled on at this time. The Court lacks several vital facts to determine whether, and to what extent, the plaintiff is entitled to damages.  Before monetary judgment may be entered, the following questions should be answered: (1) How much money has Magnolia Marine paid in maintenance and cure? (2) Was this amount paid before or after the defendant refused further medical treatment? (3) What are the dates of Magnolia Marine's cure payments? and (4) When did the defendant refuse treatment?  Moreover, for the plaintiff to recover, it should provide the Court with legal authority supporting its claim to reimbursement of its prior maintenance and cure payments.

The foregoing may be shown either by the filing of an affidavit based on the affiant's personal knowledge of the facts contained therein or by testimony presented at the scheduled evidentiary hearing.  The plaintiff should notify the Court of how it intends to proceed on or before August 2, 2007.

SO ORDERED AND ADJUDGED this the   25th   day of July, 2007.

                                            s/David Bramlette
                                      UNITED STATES DISTRICT JUDGE